**UNITED STATES BANKRUPTCY COURT**
**IN THE WESTERN DISTRICT OF MICHIGAN**

IN THE MATTER OF:

SUPERIOR ENVIRONMENTAL CORP,                     Chapter 11, Subchapter V
                                                 Case No.: 22-00353
                                                 Hon. Scott W. Dales
                                                 Filed: February 25, 2022

                           Debtor.
_____/

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN INTERIM ORDER (A) AUTHORIZING IT TO USE CASH COLLATERAL; AND (B) PROVIDING ADEQUATE PROTECTION AND OTHER RELIEF**

_____

**THIS MATTER** pertains to the case of *In re Superior Environmental Corp* (Case No. 22-00353), having come before the Court upon Debtor's *Motion for Entry of an Interim and Final Order (A) Authorizing It to use Cash Collateral; and (B) Providing Adequate Protection and Other Relief*; and a hearing having been held on March 7, 2022, the Court having reviewed the motion, considered the pleadings and offers of proof, noting due service upon all required creditors, and being fully advised in the premises:

**IT IS HEREBY ORDERED:**

    1.      The Motion for entry of an interim order is GRANTED;

    2.      Cause exists, and all creditors secured against Debtor's cash collateral having also consented, to authorize Debtor to use cash collateral to fund the payment of post-petition operating expenses

that arise in its ordinary course of business, including, but not limited to: court approved post-petition professional fees and expenses; employee wages and benefits; rent; insurance; inventory; and utilities. This Order shall further authorize Debtor to pay pre-petition employee wages and obligations as set forth in Debtor's Motion for Entry of An Order Authorizing Debtor to Pay Employee Obligations and Continue Employee Benefits Programs (Dkt. No. 10) using cash collateral;

3. Debtor's use of cash collateral shall be in a manner consistent with the Forecasted Statement of Income, which was Exhibit C to Debtor's motion (Dkt. No. 8-3), with an additional allowance of up to ten percent (10%) variance for each week;

4. Debtor's use of its cash collateral is necessary to the preservation of the estate and the continuation of Debtor's business;

5. Debtor shall comply with Paragraph 49 of the Motion in order to provide the Secured Creditors, as defined in the Motion, adequate protection pursuant to 11 U.S.C. §§ 361 & 363 concerning Debtor's obligations to Secured Creditors and any diminution in Debtor's prepetition Collateral pursuant to 11 U.S.C. § 361(2);

6. In addition to the adequate protection provided in Paragraph 49, Debtor shall: (i) maintain during the term of the Order insurance covering all of Debtor's assets and shall name Quinces as a loss payee on the policy, and no policies of insurance shall be canceled for any reason, nor changed in any way, except upon the written consent of Quince, aside from ordinary renewal of its policies; (ii) not permit its total current cash balance, including accounts receivable (defined as accounts receivable due within the next 90 days), to fall below $100,000.00; (iii) preserve the right for creditors secured against the cash collateral to seek additional adequate protection in the event of a change of circumstances or upon determination that adequate protection is inadequate; and (iv) agree that entry of this Order shall constitute perfection of any post-petition security interests and lien notwithstanding the failure of a party secured

against the cash collateral to file any additional financing statements or to prepare and file such other documents as may be needed to perfect its replacement security interest and liens;

7. Debtor's authority to use the cash collateral will cease upon the occurrence of one of the following: (i) Debtor fails to comply with its promises of adequate assurance in any fashion; (ii) conversion of this Chapter 11 proceeding to a Chapter 7; (iii) this Chapter 11 proceeding is dismissed without the consent of the Secured Creditors; or (iv) a material diminution in the amount of the Debtor's Cash Collateral Assets and, after notice and hearing, the Court determines that the Cash Collateral Assets are in excess of any adequate protection provided herein;

8. Debtor shall have the right to contest a default in the event that a Secured creditor declares a default under Paragraph 5 of this Order and, upon a determination by the Court that the adequate protection is intact, Debtor shall not be deemed in default hereunder;

9. A Final Hearing on Debtor's Motion will be held on **March 31, 2022 at 10:00 A.M.** ("Final Hearing") in Grand Rapids, Michigan. Within two business days of the entry of this Order, Debtor shall serve, or cause to be served, a copy of this Order on all parties required to be served under Fed. R. Bankr. P. 4001(d). Any objection to this Order shall be filed with the Court via the Court's CM-ECF system or, if not filed electronically, so that it is received by the Clerk of Court at One Division Ave N., Room 200, Grand Rapids, MI 49503 in accordance with Local Bankruptcy Rule 5005-1, by no later than **Monday March 28, 2022**. Any such objection shall also be served upon Debtor at CBH Attorneys & Counselors, PLLC, 25 Division Ave. S., Suite 500, Grand Rapids, MI 49503; the Subchapter V Trustee Scott Chernich; and the United States Trustee;

10. If no objection is made to this Order, it may become final at the Final Hearing;

11. Notwithstanding anything to the contrary herein, any payment made pursuant to this Order shall be subject to any requirements imposed on the Debtor under any order entered by the Court with respect to the use of cash collateral or post-petition financing;

12. This Order is hereby deemed effective immediately upon its entry pursuant to Fed. R. Bankr. P. 6004(h);

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order;

Document Prepared By:
Steven M. Bylenga (73492)
CBH Attorneys & Counselors, PLLC
25 Division Ave S., Suite 500
Grand Rapids, MI 49503
(616) 608-3061

**END OF ORDER**

**IT IS SO ORDERED.**

**Dated March 8, 2022**



Scott W. Dales
United States Bankruptcy Judge